UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM CHARLES GRAHAM, No. 22097-041,<br><br>    Petitioner,<br><br>    v.<br><br>T. LILLARD, Warden,<br><br>    Respondent. | Case No. 24-cv-2626-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner William Charles Graham's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent T. Lillard is the warden. The petitioner is challenging his sentence on the grounds that his Fifth Amendment due process right to an indictment and his Sixth Amendment right to be informed of his charges were violated because he was tried and sentenced for crimes not charged in the indictment; that his Fifth Amendment right against double jeopardy was violated because the same facts were used to support his convictions for brandishing a firearm during the commission of another offense charged in the same indictment; and that his Fourth Amendment rights were violated by an insufficient warrant. Many of these claims echo those he made in an earlier § 2241 petition, *Graham v. Lillard*, No. 24-cv-1224-JPG, which this Court dismissed in July 2024. However, as with Graham's earlier § 2241 petition, in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), he may not use § 2241 to collaterally attack his sentence.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other *habeas corpus* cases.

Graham attempts to take advantage of § 2255's "savings clause," but that route to relief is no longer available to him after *Jones v. Hendrix*. He must seek relief, if at all, under § 2255, and the Court must dismiss this § 2241 petition.

**I.     Background**

In July 2019, Graham was charged in the United States District Court for the District of Minnesota with one count of aiding and abetting interference with commerce by robbery and one count of aiding and abetting the brandishing a firearm during that robbery. *See United States v. Graham*, No. 0:19-cr-00185-SRN-KMM-2. Following a bench trial in September 2020, the judge found Graham guilty of both offenses, the robbery charge on a direct liability theory and the firearm charge on an aiding and abetting theory. She sentenced him to serve 210 months for the robbery and 84 months for the firearm offense to be served consecutively, for a total of 294 months.

Graham appealed his sentence, and in November 2021, the Court of Appeals for the Eighth Circuit dismissed the appeal for failure to prosecute. Shortly thereafter, Graham filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court denied in July 2022. Graham appealed, and the Court of Appeals dismissed that appeal in September 2022 after declining to issue a certificate of appealability.

**II.    Analysis**

Just like his prior petition, Graham's pending petition is a collateral attack on the

sentence itself. Such attacks are not cognizable in a § 2241 proceeding in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that, with very rare exceptions, a motion under 28 U.S.C. § 2255 is the sole method of collaterally attacking a sentence.

Generally, if an inmate collaterally attacks his sentence, he must do so in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is limited to one § 2255 motion and may file a second or successive motion only if he relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2), as his basis for relief. However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

The Court of Appeals for the Seventh Circuit used to take the position that § 2255 was "inadequate or ineffective to test the legality of [an inmate's] detention" if the inmate did not have "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). It held that this occurs where "(1) the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion; (2) the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice." *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019). This is no longer good law.

The Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465 (2023), that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal. *Id.* at 477. On the contrary, § 2255 is

only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no longer exists. *Id.* at 474. The Court held that allowing a collateral attack in a § 2241 petition in any other circumstance would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances. *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477-78.

It further reasoned that:

> § 2255(h)(2)'s authorization of a successive collateral attack based on new rules "of *constitutional* law" implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the word "constitutional," it easily could have done so.

*Id.* at 478. Thus, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another because his challenge relies on a change in *nonconstitutional* law, and therefore does not fall within the gateway criteria of § 2255(h). That inmate cannot bring his statutory claim at all. *Id.* at 480.

Graham's case does not present "unusual circumstances in which it is impossible or impracticable for [him] to seek relief from the sentencing court," *id.* at 474, so he may not collaterally attack his sentence in this § 2241 petition.

### III.   Conclusion

For the foregoing reasons, Graham cannot bring his challenges to his conviction under 28 U.S.C. § 2241. Accordingly, the Court **DISMISSES with prejudice** Graham's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. In light of this disposition, the Court **DENIES** Graham's expedited

motions for a preliminary injunction (Doc. 5) and an evidentiary hearing (Docs. 6 & 9).

If the petitioner wishes to appeal this decision, generally he must file a notice of appeal with this Court within 60 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion under Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from judgment, do not toll the deadline for an appeal.

If the petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he appeals and is allowed to proceed *in forma pauperis*, he will be liable for a portion of the $605.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

It is not necessary for the petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IV.   Graham's Abusive History of Challenges to his Sentence**

This case is the most recent of Graham's succession of meritless, and often frivolous, challenges to his sentence in light of clear explanations from numerous courts why he cannot do this. On October 7, 2024, Judge David W. Dugan recounted Graham's extensive history of unsuccessfully seeking leave from the Court of Appeals to file a successive § 2255 motion and unsuccessfully challenging his conviction through § 2241 in Minnesota, Kentucky, and Illinois. *See Graham v. Lillard*, 24-cv-2071-DWD, 2-3 (S.D. Ill. Oct. 7, 2024) (collecting cases). Each of

Boulb's § 2241 petitions challenges an aspect of his Minnesota conviction through the same theories he had previously presented or through theories he could have presented in his earlier efforts. None of them survives the *Jones v. Hendrix* bar.

Judge Dugan warned Graham to refrain from filing frivolous or duplicative pleadings in this district or face sanctions consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). *Id.* at 6. Graham failed to heed Judge Dugan's warning when, on December 16, 2024, he filed the repetitive (and frivolous, in light of *Jones v. Hendrix*) § 2241 petition at issue in this case. Having been warned by Judge Dugan that sanctions would follow if Graham continued in his pattern of abusing the § 2241 process, the Court now finds sanctions are appropriate. But the Court is faced with the same question as the *Alexander* court: "What should a court do with a prisoner who refuses to take no for an answer, and files over and over again? Judicial resources are limited and should be used to provide initial hearings rather than being diverted to repetitious claims." *Alexander*, 121 F.3d at 315.

The *Alexander* Court concluded that, under its inherent authority, a Court could appropriately impose a reasonable monetary sanction against a litigant who refuses to stop filing frivolous habeas matters. *Id.* (citing *Smith v. Gilmore*, 111 F.3d 55 (7th Cir. 1997)). In determining a reasonable sanction amount, the Court should consider the plaintiff's ability to pay and then select an amount that, although serious, does not absolutely preclude the plaintiff from paying the sanction. Here, the Court is almost completely ignorant of Graham's financial status. He has paid the $5.00 filing fee for each of the § 2241 petitions in this district and has not appealed any of the Court's orders, so he has had no occasion to submit his prisoner trust fund statement in support of a request for leave to proceed *in forma pauperis*. The most the Court can say is that $5.00 is not enough to keep him from filing a meritless § 2241 petition. The Court

6

believes a sanction of $200.00 is reasonable; if not, the Court invites Graham to submit proof of his financial status to show the sanction is excessive. The Court further **WARNS** Graham that each future frivolous § 2241 petition challenging the validity of his conviction and sentence will subject him to the same monetary sanction. The Court understands that this sanction is weak since the Court may not use the payment collection procedures of Prison Litigation Reform Act to collect money owed in a habeas case, and since the Court may not refuse to accept collateral attacks. *Alexander*, 121 F.3d at 315.

However, should Graham ever encounter a legitimate reason to complain to the Court in a civil lawsuit—which is not unforeseeable for the 20 or so years he has left to serve in federal prison—the monetary sanction may have some bite if it is backed up by a *Mack* order. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). This type of order would prohibit Graham from filing other civil cases until he pays the monetary sanction assessed above. *Alexander*, 121 F.3d at 315.

It is true that non-habeas civil litigation is not Graham's problem for now; repeated collateral attacks on his criminal conviction are. A *Mack* order is unlikely to stop his flow of frivolous § 2241 petitions, but it may have some deterrent effect if Graham ever changes his litigation habits or has some other reason to appeal to this Court. So, for example, if Graham believes he has been the victim of a tort by a federal officer, he would need to pay the sanction before filing a lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-2680. Similarly, if he believes a prison medical official has been deliberately indifferent to his serious medical needs, he would need to pay the sanction before he could sue under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *See*

*Carlson v. Green*, 446 U. S. 14 (1980).  So this relatively weak sanction may grow stronger with time.

Further, the Court notes it has leeway under its inherent authority to manage its docket to craft a remedy tailored to the problem.  *Alexander*, 121 F.3d at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (re Court's inherent authority)).  The Court notes that Graham is not only assaulting the Court with his petitions but with numerous other "expedited" motions in those cases.  So while the Court may not prevent him from filing collateral attacks, it will refuse to file other documents in those cases until the original petition has received preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts.

Graham may petition this Court for relief from this order two years after entry of this order.  The Court will consider his compliance with this order to determine whether relief is appropriate.

Accordingly, the Court:

- **ORDERS** that Graham shall pay the Court $200.00 as a sanction for filing repeat meritless—and after *Jones v. Hendrix*, frivolous—§ 2241 petitions as noted in Judge Dugan's October 7, 2024, order in *Graham v. Lillard*, 24-cv-2071-DWD, 2-3 (S.D. Ill. Oct. 7, 2024);

- **ORDERS** that Graham shall have 30 days after entry of this order to demonstrate that $200.00 is excessive considering the purpose of monetary sanctions and his ability to pay.  Should he not seek amendment of this order, the Court will assume he has no objection to that amount;

- **ORDERS** that Graham shall be subject to an additional, equal sanction for each additional frivolous § 2241 petition he files challenging his conviction or sentence in *United States v. Graham*, No. 0:19-cr-00185-SRN-KMM-2;

- **ORDERS** that Graham attach a copy of this order to every subsequent § 2241 petition he files and to every document Graham files in a *non-habeas civil case*.  The Court may impose sanctions, up to and including dismissal of a § 2241 petition, pursuant to Federal Rule of Civil Procedure 41(b) for failing to comply with this order;

8

- **DIRECTS** the Clerk of Court to return unfiled any document Graham tenders for filing in a *non-habeas civil case* until he pays in full the aforementioned $200.00 sanction—and any other sanction amount incurred for filing another § 2241 petition;

- **DIRECTS** the Clerk of Court to return unfiled any document Graham tenders for filing in any § 2241 case challenging his conviction or sentence in *United States v. Graham*, No. 0:19-cr-00185-SRN-KMM-2, before the Court completes its preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts; and

- **ORDERS** that, notwithstanding the foregoing, Graham may file:
    - a notice of appeal of this order;
    - a timely motion challenging the reasonableness of the $200.00 sanction;
    - a § 2241 petition;
    - any document filed as a defendant in a civil or criminal case, *see Mack*, 45 F.3d at 186; and
    - documents a rule or Court order specifically requires Graham to file.

The Court assures Graham that the foregoing sanctions are not to punish him but to deter future frivolous § 2241 litigation and to preserve the Court's limited resources. The Court has considered whether lesser sanctions are available and has found none. These sanctions are reasonably tailored to stop Graham's specific abuse as listed in Judge Dugan's October 7, 2024, order.

**IT IS SO ORDERED.**
**DATED:  January 8, 2025**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
