UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM CHARLES GRAHAM,
No. 22097-041,

        Petitioner,

   v.

T. LILLARD, Warden,

        Respondent.

Case No. 24-cv-2626-JPG

## MEMORANDUM AND ORDER

    This matter comes before the Court on petitioner William Charles Graham's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) (Doc. 15). He seeks relief from the Court's January 8, 2025, order and judgment (Docs. 11 & 12) dismissing his petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his constitutional challenges were not cognizable under § 2241 as explained by *Jones v. Hendrix*, 599 U.S. 465 (2023).

    In its January 8, 2025, order, the Court further reviewed Graham abusive history of meritless and/or frivolous challenges to his sentence in light of *Jones*. It then sanctioned Graham $200.00 for filing his frivolous petition and for any other frivolous § 2241 petition he files in the future challenging the validity of his conviction and sentence. It invited him to provide his financial circumstances within 30 days of the order if he thought $200.00 was excessive. It further directed the Clerk of Court to refuse any documents tendered by Graham in a § 2241 case until the original petition had received preliminary review. The pending motion squeaked by because the Court has already conducted its preliminary review of this petition, which resulted in the dismissal of this case more than a year ago.

Relief under Rule 60(b)(4) is available if the Court's judgment is void because the Court lacked jurisdiction to enter it. "A void judgment is a legal nullity." U*nited Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies . . . in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. "Once a district court decides that the underlying judgment is void, the trial judge has no discretion and must grant the appropriate Rule 60(b) relief." *Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir. 2000).

Graham argues that the Court's judgment is void because the Court lacked subject matter jurisdiction over the case and personal jurisdiction over him. He asserts that there was a "defect in service of process, depriving petitioner of notice and the opportunity to be heard." Pet'r's Mot. 2. He claims he was therefore deprived of due process and the judgment is void.

Graham's argument is absurd. The Court had personal jurisdiction over Graham because he brought his grievance to the Court by filing his petition, thus consenting to its exercise of jurisdiction over him. There was no need for service of process because he was not a defendant or respondent, and his "notice and opportunity to be heard" were his very § 2241 petition.

However, Graham is right that the Court lacked subject matter jurisdiction over his § 2241 petition. The gauntlet created by *Jones* that a petitioner must run before obtaining relief from his conviction through a § 2241 petition is jurisdictional. *Agofsky v. Baysore*, 160 F.4th 857, 865 (7th Cir. 2025). If *Jones* bars the Court from hearing a § 2241 petition, the Court lacks jurisdiction to do so. However, the Court always has jurisdiction to determine its own jurisdiction even where it ends up deciding that it has no jurisdiction over the merits. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775

(7th Cir. 2002). That is the basis of the Court's decision in this case. Graham's subject matter jurisdiction challenge has no merit.

To the extent Graham complains that his petition was dismissed on preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in the United States District Courts or that the Court gave him no opportunity to object to sanctions before imposing them, that is a matter for appeal and does not go to the jurisdiction of the Court to render the judgment or issue the sanctions.

For these reasons, the Court finds Graham's Rule 60(b)(4) motion is frivolous and accordingly **DENIES** it (Doc. 15). The Court **WARNS** Graham that if he files any further frivolous motions for reconsideration in this case or in any other way abuses filing documents in this case, the Court may impose a filing ban with narrow exceptions necessary to achieve justice.

**IT IS SO ORDERED.**
**DATED: February 12, 2026**

                                                                s/ J. Phil Gilbert
                                                                 **J. PHIL GILBERT**
                                                                 **DISTRICT JUDGE**